FRUGE, Judge.
By this motion to dismiss the appeal, the plaintiffs-appellees contend that the defendant-appellant, George A. Broussard, did not timely perfect his appeal from adverse judgment. The plaintiffs-appellees contend that application for appeal was not filed within ninety days from the expiration of the delay for application for a new trial, as required by law. LSA-C.C.P. Art. 2087.
*596 The record shows that judgment awarding the plaintiffs a right-of-way over and across the lands owned by the defendants was signed on December 21, 1961. No application for a new trial was instituted by the defendants in this action. Application for a devolutive appeal and the appeal bond were filed on May 14, 1961.
The only question that need be answered in the decision of this motion is whether the time limitation as set forth in LSA-C.C.P. Art. 2087 for filing an application for a devolutive appeal and furnishing security therefor had lapsed.
Pertinently to the present facts, LSA-C.C.P. Art. 2087 provides that a devolutive appeal "may be taken, and the security therefor furnished, only within ninety days of: (1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely; * * *” LSA-C.C.P. Art. 1974 provides:
‘‘The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
The record discloses that notice of the judgment was mailed by the clerk on December 21, 1961. Giving the defendant-appellant every benefit of the doubt and construing this time limitation in a way most favorable to him, this court reaches the following conclusions. The time limitation for applying for a new trial began to run on December 22, 1961. Excluding the 23rd, 24th and 25th days of December 1961, which were Saturday, Sunday and Monday (Christmas) respectively, the expiration of the delay for applying for a new trial was December 27, 1961. Ninety days thereafter the delay for perfecting a de-volutive appeal had run.
The defendant-appellant perfected his appeal by filing his application and appeal bond on May 14, 1962. Thus, the application and the appeal bond were filed 137 days after the expiration of the delay for applying for a new trial (December 27, 1961).
For the reasons assigned, therefore, this appeal is dismissed.
Appeal dismissed.